**BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC**
Brian M. Bergin (AZ Bar No. 016375)
Brent Demmitt (AZ Bar No. 03382)
4343 East Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone: 602.888.7857
Email: bbergin@bfsolaw.com
Email: bdemmitt@bfsolaw.com

**MANATT, PHELPS & PHILLIPS, LLP**
Christine M. Reilly (*Pro Hac* Application Forthcoming)
A. Paul Heeringa (*Pro Hac* Application Forthcoming)
2049 Century Park East
Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000
Email: creilly@manatt.com
Email: pheeringa@manatt.com

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Freeway Insurance Services America, LLC,<br><br>Defendant. | No. 3:22-cv-08042-DGC<br><br>**DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendant Freeway Insurance Services America, LLC ("Freeway") hereby respectfully moves: (1) to dismiss the First Amended Complaint (Dkt. 11, "FAC") filed by Plaintiff Brenda Whittaker ("Plaintiff") in this matter, in its entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), and/or 12(b)(1); or (2) in the alternative, to strike Plaintiff's improper class and other allegations pursuant to Fed. R. Civ. P. 12(f) and 23.

## INTRODUCTION

Plaintiff's FAC does little more than allege, in a conclusory fashion and without requisite factual support, that Freeway violated the Telephone Consumer Protection Act ("TCPA"). These claims rest squarely on four ill-described calls—one of which Plaintiff did not answer but yet somehow concludes resulted in her receiving a "message" involving a "prerecorded or artificial voice" on her voicemail—made without consent to her cellular telephone number, which is purportedly listed on the National "Do-Not-Call" ("DNC") Registry. However, Plaintiff fails to plead sufficient (or any) non-conclusory facts supporting a plausible inference that Freeway bears any legal responsibility for those calls, let alone that the alleged calls even violated the TCPA in the first instance. Consequently, the FAC should be dismissed in its entirety for at least the following reasons:

**First**, to plead any TCPA claim and avoid dismissal under Rule 12(b)(6), all plaintiffs must allege sufficient facts demonstrating the defendant's direct or vicarious liability for the calls at issue. Here, Plaintiff provides no details about the alleged calls, much less pleads any non-conclusory facts supporting an inference Freeway: (i) itself, and not a third party, "physically placed" those calls, as required for direct TCPA liability; or (ii) had a common law agency relationship with any responsible third parties, as required for vicarious TCPA liability. These defects alone warrant dismissal of the entire FAC.

**Second**, Count I of the FAC, which seeks relief under Section 227(b) of the TCPA, should be dismissed under Rule 12(b)(6) for the additional reason that Plaintiff fails to plead facts supporting an inference that the voicemail she allegedly received involved a "prerecorded or artificial voice" as opposed to a live caller's message. Courts in the Ninth Circuit—including in this District—have widely held that, to avoid dismissal of such a

1

claim, all plaintiffs must plead plausible facts regarding the "tenor, nature, or circumstances" of the call, beyond parroting the statutory language. Here, Plaintiff did not.

**Third**, Count II of the FAC, which seeks relief under the DNC provisions in Section 227(c) of the TCPA, should also be dismissed under Rule 12(b)(6) because Plaintiff fails to plead any non-conclusory facts supporting an inference, *inter alia*, that (i) the subject phone number is actually used for "residential" purposes, or (ii) the alleged calls constituted "telephone solicitations" within the meaning of the TCPA, as is also required.

**Fourth**, in addition, or in the alternative, to dismissal under Rule 12(b)(6), the Court should also dismiss the entire FAC under Rule 12(b)(1) because Plaintiff failed to plead facts showing she meets at least two of the three elements for standing under Article III of the U.S. Constitution—*i.e.*, causation and redressability.[1] In this regard, Plaintiff does not plead facts tracing any alleged unlawful conduct or harm to any act by Freeway, as opposed to some unknown third party not before this Court; and Freeway cannot possibly redress harm caused by unknown third parties. Further, Plaintiff's request for injunctive relief must be dismissed because she does not allege facts suggesting any threat of future injury.

**Finally**, while the entire FAC is ripe for dismissal on the myriad grounds above, the class allegations are so facially improper and inadequate that the classes are uncertifiable as pled. Those allegations should be stricken at the pleadings stage, if they survive, under Rules 12(f) and 23 before the parties and Court waste needless effort in discovery on them. The Court should also strike Plaintiff's improper request for "attorneys' fees and costs" under Rule 12(f), which are not available under the TCPA as a matter of law.

## RELEVANT ALLEGATIONS

Plaintiff's FAC is long on conclusions but woefully short on actual facts. At best, Plaintiff alleges she received four calls on her cell phone in early January 2022, one of which she did not answer and resulted in her receiving a "voicemail message, which

---

[1] Though not addressed below, Freeway does not concede, and indeed disputes, that Plaintiff has suffered a concrete and particularized "injury-in-fact" or that she has pleaded sufficient facts supporting this additional element required for Article III standing in her FAC. Therefore, Freeway reserves the right to address this issue at a later time.

featured the use of a prerecorded or artificial voice." FAC ¶¶ 15-18. Plaintiff further alleges (or, rather, merely concludes) those calls were either "from Freeway Insurance" or from unidentified third party "agents" calling "on behalf of" Freeway, and that their purpose "was to solicit Plaintiff to purchase Defendant's insurance related products and services." *Id*. ¶¶ 9, 10, 15-19, 24, 29, 44, 47-48. Plaintiff also asserts that her cell phone number is on the National DNC Registry and that it is "used for residential purposes." *Id*. ¶¶ 13-14.

## APPLICABLE LEGAL STANDARDS

### I.   Fed. R. Civ. P. 12(b)(6): Failure to State a Claim For Relief

Rule 12(b)(6) provides for dismissal for failing to state a claim for relief. Any claim brought in federal court mandates the pleading of sufficient facts. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A "bare assertion" and "conclusory allegation[s]" will not suffice. *Id*. A "formulaic recitation of the elements" of a claim is also insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "[t]o survive a Rule 12(b)(6) dismissal, a complaint must allege enough ***specific facts*** to provide both 'fair notice' of the particular claim being asserted and 'the grounds upon which it rests.'" *Massey v. Biola Univ., Inc.*, 2020 WL 2476173, at \*5 (C.D. Cal. Apr. 10, 2020), *report and rec. adopted,* 2020 WL 2468765 (May 13, 2020) (quoting *Twombly*, 550 U.S. at 555 & n.3 (emphasis added)).

Under Rule 12(b)(6), the Court "accepts factual allegations in the [FAC] as true and construe[] [them] in the light most favorable" to Plaintiff. *Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). But it need not do so for "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 n.4 (9th Cir. 2012); *see also nexTUNE, Inc. v. McKinney*, 2013 WL 2403243, at \*4 (W.D. Wash. May 31, 2013) ("[S]peculation unsupported by any factual allegation is insufficient to survive a motion to dismiss under 12(b)(6).") (citing *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)); *MCI Commc'ns Servs. Inc. v. Contractors W. Inc.*, 2016 WL 795861, at \*1 (D. Ariz. Mar. 1, 2016) ("Legal conclusions couched as factual allegations do not enjoy a presumption of truth and are not sufficient to defeat a Rule 12(b)(6) motion.") (citing *Iqbal*) (**Campbell, J**.).

**II.     Fed. R. Civ. P. 12(b)(1): Lack of Subject Matter Jurisdiction (Standing)**

Rule 12(b)(1) provides a complaint is properly dismissed where there is a lack of federal subject matter jurisdiction. In this regard, Article III of the U.S. Constitution confers on the federal judiciary the power to adjudicate certain cases and controversies. To establish Article III standing, (i) a plaintiff must have suffered a concrete and particularized "injury in fact"; (ii) there must be a causal connection between the injury and the conduct complained of ("causation" or "traceability"); and (iii) the injury must be capable of being redressed by a favorable decision ("redressability"). *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992); *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 125 (2014); *see also Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (party invoking federal subject matter jurisdiction has the burden of establishing standing).

Like under Rule 12(b)(6), conclusory allegations without supporting facts do not sufficiently demonstrate Article III standing and, thus, cannot survive dismissal under Rule 12(b)(1). *See, e.g., Moore v. Way FM Media Grp. Inc.,* 2012 WL 13012659, at *7 (C.D. Cal. June 20, 2012) (citations omitted). *See also Freidman v. Massage Envy Franchising, LCC*, 2013 WL 3026641, at *4 (S.D. Cal. June 13, 2013) (holding plaintiff lacked Article III standing for TCPA claim where did not allege facts from which the court could "infer direct or vicarious liability"); *Hicks v. Alarm.com*, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (dismissing putative TCPA class action under Rules 12(b)(1) and 12(b)(6)).

**III.    Fed. R. Civ. P. 12(f) and 23: Striking Facially-Improper Class Allegations**

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Along these lines, it is well accepted in the Ninth Circuit that class allegations may be properly stricken at the pleadings stage prior to discovery pursuant to Rules 12(f) and 23 (particularly in TCPA cases) where, as here, "the allegations [in the complaint] make it obvious that classwide relief is not available." *American Western Door & Trim v. Arch Specialty Ins. Co.*, 2015 WL 1266787, at *8 (C.D. Cal. Mar. 18, 2015). *See also Sena v. Uber Techs. Inc.*, 2016 WL 1376445, at *7–8 (D. Ariz. Apr. 7, 2016) (granting pre-discovery motion to strike class allegations); *Stokes v.*

*CitiMortgage, Inc.*, 2015 WL 709201, at *4-6 (C.D. Cal Jan. 16, 2015) (striking class allegations with prejudice that "require[d] individualized inquiries into each putative class member"); *Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460, at *1-5 (C.D. Cal. Dec. 21, 2016) (striking class allegations in a TCPA case which "necessarily involve[d] individualized inquiries" and for being "an impermissible fail-safe class"); *Dixon v. Monterey Fin. Servs., Inc.,* 2016 WL 4426908, at *2 (N.D. Cal. Aug. 22, 2016) (striking proposed "fail-safe" TCPA class). Courts have also recognized that permitting a facially uncertifiable class or classes, like Plaintiff's in this case, to proceed to discovery would place an undue burden and expense upon the parties and the Court alike. *See, e.g., Yagman v. Allianz Ins.*, 2015 WL 5553460, at *4 (C.D. Cal. May 11, 2015) (striking where allowing untenable class claims to proceed past the pleadings stage "would inject significant uncertainty as to the scope of discovery and other pre-trial proceedings") (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

## ARGUMENT

### I. THE FAC SHOULD BE DISMISSED UNDER RULE 12(b)(6) BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UNDER THE TCPA.

In Count I (*see* FAC ¶¶ 33-38), Plaintiff seeks relief under Section 227(b) of the TCPA which, along with its related implementing regulations, provides in pertinent part that no person shall "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using … an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1) & (2). *See also Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)). In Count II (*see* FAC ¶¶ 40-52), Plaintiff seeks relief under the National DNC Registry provision in Section 227(c) of the TCPA which, along with its related implementing regulations, prohibits *inter alia* the "initiat[ion]" of more than one "telephone solicitation" call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry. 47 U.S.C.

§ 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Yet, as demonstrated below, Plaintiff fails to plead actual *facts* supporting these essential elements of her claims and relies instead on bald conclusions. Therefore, Plaintiff's entire FAC should be dismissed under Rule 12(b)(6).

### A. Plaintiff Fails to Plead Facts Supporting Direct TCPA Liability.

As a threshold matter, there are two potential theories of liability under the TCPA: direct liability and vicarious liability. *See, e.g., Rogers v. Postmates Inc.*, 2020 WL 3869191, at *3 (N.D. Cal. July 9, 2020) (citing *Thomas v. Taco Bell Corp.,* 582 F.App'x 678, 679 (9th Cir. 2014)). In other words, "[f]or a person to 'make' [or 'initiate'] a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Pascal v. Agentra, LLC,* 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019) (quoting *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018)). As to the former theory of liability, it is well accepted that direct liability under the TCPA applies only to persons or entities that "make" or "initiate" calls, which means "***tak[ing] the steps necessary to physically place***" a call or send a text. *Sheski*, 2020 WL 2474421, at *2 (citing *In re Dish Network, LLC,* 2013 WL 1934349, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013) (emphasis added)). *Accord Hamilton v. El-Moussa,* 2020 WL 8993127, at *2 (C.D. Cal. Apr. 30, 2020) (dismissing under Rule 12(b)(6) and citing, *inter alia*, *Thomas*). This rule applies equally to DNC claims asserted under Section 227(c) of the TCPA, as well. *See, e.g., Naiman v. Freedom Forever, LLC*, 2019 WL 1790471, at *4 (N.D. Cal. Apr. 24, 2019).

However, it is equally well-settled that any TCPA plaintiff hoping to allege a viable direct liability claim and survive a motion to dismiss must offer more than barebones legal conclusions and speculation that the defendant "made" or "initiated" the calls at issue. Instead, they must plead actual facts supporting a plausible inference that the defendant itself, and not some third party, took the steps necessary to "physically" place them. *See, e.g., Sheski,* 2020 WL 2474421, at *2-4; *Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019); *Aaronson v. CHW Grp., Inc.,* 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019). Therefore, courts in this Circuit routinely dismiss

TCPA complaints at the pleadings stage on direct liability grounds that, like Plaintiff's FAC here, lack such facts. *See, e.g., Sheski* and *Frank*, *supra*; *Sepehry-Fard v. Dep't Stores Nat'l Bank,* 15 F. Supp. 3d 984, 987-88 (N.D. Cal. 2014), *aff'd in part,* 670 F.App'x 573 (9th Cir. 2016) (dismissing where "no facts alleged showing ***why*** plaintiff believe[d] [defendants] were responsible for specifically identified calls") (emphasis in original); *Naiman*, 2019 WL 1790471, at *3 (no direct liability where "no facts from which the Court could infer that an employee of [defendant physically] made the calls"); *Canary v. Youngevity Int'l, Inc.*, 2019 WL 1275343, at *3 (N.D. Cal. Mar. 20, 2019) (dismissing on direct liability grounds where allegations were "insufficient to support a plausible inference that [defendant] made the call."). Courts in this District have reached the same conclusion. *See, e.g., Gulden v. Consol. World Travel Inc.,* 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) (dismissing where plaintiff "offer[ed] no factual support" for his conclusion that the "[d]efendant was the source of the alleged calls"). This Court should rule similarly here.

In this case, Plaintiff's threadbare FAC does not plausibly allege Freeway itself (as opposed to an unknown third party) physically placed the calls at issue, as required to plead a direct TCPA liability claim, let alone plead any facts connecting Freeway to the calls or callers. *See* FAC ¶¶ 13-23. In fact, Plaintiff noticeably does not allege in her FAC that she spoke with the party that called, which belies her conclusory allegations that the calls were "from Freeway." *Id*. Rather, Plaintiff **concedes that she does not know who** (if anyone) actually physically called her, as she inconsistently alleges throughout that **unidentified third party "agents" placed the calls at issue**. *See id.* ¶¶ 9, 10, 24, 29, 44, 47-48. Such obviously "[c]ontradictory allegations" not only fail to state a direct TCPA liability claim but also "are inherently implausible, and [thus] fail to comply with Rule 8, *Twombly*, and *Iqbal*" and cannot avoid dismissal under Rule 12(b)(6). *Hernandez v. Select Portfolio, Inc.,* 2015 WL 3914741, at *10 (C.D. Cal. June 25, 2015). *See also Bank v. Philips Elecs. N. Am. Corp.,* 2015 WL 1650926, at *2 (E.D.N.Y. Apr. 14, 2015) (allegations that the at-issue calls were "made by, or on behalf of, or with the authorization of, an authorized dealer of [defendant]" were "too conclusory to state a plausible claim" for direct TCPA liability).

### B. Plaintiff Fails to Plead Facts Supporting Vicarious TCPA Liability.

Though Plaintiff suggests she is also asserting vicarious liability (*see* FAC ¶ 10), her attempt to do so fails and her TCPA claims should still be dismissed under Rule 12(b)(6).

Courts apply common law agency principles to determine vicarious TCPA liability. *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018) (citing, *inter alia,* Restatement (Third) of Agency). On this front, agency requires a consensual relationship between an alleged principal and agent. *See* Restatement, § 1.01, cmt. c ("[A]gency posits a consensual relationship in which one person, to one degree or another or respect or another, acts as a representative of or otherwise acts on behalf of another person with power to affect the legal rights and duties of the other person."). Specifically, "[a]gency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Naiman v. TranzVia LLC*, 2017 WL 5992123, at *6 (N.D. Cal. Dec. 4, 2017) (quoting *Jones v. Royal Admin. Servs., Inc.*, 866 F.3d 1100, 1105 (9th Cir. 2017)). This means "more than mere passive permission; it involves request, instruction, or command." *Linlor v. Five9, Inc.*, 2017 WL 5885671, at *3 (S.D. Cal. Nov. 29, 2017). "Though 'the precise details of the agency relationship need not be pleaded to survive [dismissal], sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks v. Buffalo Wild Wings, Inc.,* 2018 WL 1524067, at *5 (N.D. Cal. Mar. 28, 2018) (citation omitted).

Further, in the TCPA context, the Ninth Circuit and other courts have widely recognized that vicarious liability cannot attach without the **"essential ingredient" of control.** *See, e.g., Jones,* 887 F.3d at 450. *See also In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, 223 F. Supp. 3d 514, 520 (N.D. W.Va. 2016), *aff'd sub nom.*, 885 F.3d 243 (4th Cir. 2018) ("[I]n order to prove actual agency [under the TCPA], the plaintiff must show that the defendant controlled or had the right to control the purported agent and, more specifically, the manner and means of the solicitation campaign that was conducted.").

Thus, courts in the Ninth Circuit and elsewhere have consistently dismissed TCPA

8

claims premised on vicarious liability at the pleading stage due to failure to allege sufficient facts establishing an agency relationship with or control over an agent. *See*, *e.g.*, *Rogers,* 2020 WL 3869191, at *8 (dismissing where plaintiff failed "to allege that [defendant] had some degree of control over who sent the text and the manner and means by which it was sent"); *Naiman,* 2019 WL 1790471, at *2-4 (dismissing where allegations of agency were conclusory); *Childress v. Liberty Mut. Ins. Co.,* 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) (a plaintiff "cannot simply allege general control in a vacuum"); *TranzVia* , 2017 WL 5992123, at *6-7 (dismissing where no facts pleaded showing defendant had control over the third party that made calls); *Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015) (dismissing on vicarious liability grounds where there were no allegations the defendant "controlled, authorized, or even knew about [third party's] phone calls or that [defendant] had any control over" the caller). This Court should do so here.

In this case, Plaintiff does not allege the "essential ingredient" of control, as required to state a vicarious TCPA liability claim. Instead, she merely asserts, in an entirely conclusory fashion and without supporting facts, that unnamed "agents" may have placed the calls at issue. *See, e.g.,* FAC ¶¶ 9, 10, 24, 29, 44, 47-48. As the authorities above show, merely employing such "agency" buzzwords does not suffice. Moreover, Plaintiff's bald allegations that "third parties acted on behalf of" Freeway or that Freeway "ratified the[ir] conduct by accepting the benefits of the telemarketing campaign" (FAC ¶ 10) are pure legal conclusions that are plainly insufficient to state a vicarious TCPA liability claim under Rule 12(b)(6). *See, e.g., Naiman*, 2019 WL 1790471, at *4 (rejecting similar "agency" allegations as "wholly conclusory" and dismissing claims brought under Sections 227(b) and 227(c)).

In sum, to the extent Plaintiff seeks to hold Freeway liable under the TCPA, either directly or vicariously, her FAC falls completely flat and, thus, it should be dismissed under Rule 12(b)(6) in its entirety. *See, e.g., Gulden,* 2017 WL 3841491, at *3 (dismissing, and ruling that "*[b]ecause [caller] identity is a necessary element of all of Plaintiff's [TCPA] claims, this deficiency warrants dismissal of all of Plaintiff's claims*.") (emphasis added).

9

### C. Plaintiff Fails to Plead Facts Showing Artificial/Prerecorded Voice Use.

As to Count I, Plaintiff's naked assertion the voicemail she allegedly received involved a "prerecorded or artificial voice" under Section 227(b) of the TCPA should be rejected for additional reasons. To avoid dismissal here, Plaintiff "must include some factual allegations beyond 'the call had a prerecorded [or artificial] voice.'" *Smith v. Pro Custom Solar LLC*, 2021 WL 141336, at *3 (D.N.J. Jan. 15, 2021). Federal courts—including in this District—routinely dismiss TCPA claims that lack allegations "regarding the tenor, nature, or circumstances of the alleged calls" and "merely proffer[] the content of the message and conclusory allege[] that Defendant utilized a pre-recorded message." *Manopla v. Sansone Jr.'s 66 Automall*, 2020 WL 1975834, at *2 (D.N.J. Jan. 10, 2020); *see also Winters v. Quicken Loans Inc.,* 2020 WL 5292002, at *4 (D. Ariz. Sept. 4, 2020) (dismissing where no facts alleged supporting use of an artificial or prerecorded voice); *Rahimian v. Rachel Adriano and Juan Martinez, Inc.,* 2022 WL 798371*, at *2-3 (D. Nev. Mar. 16, 2022) (conclusions defendant "transmitted" calls "using a prerecorded voice" insufficient); *Caruso v. Cavalry Portfolio Svcs., et al.,* 2019 WL 4747679, at *4 (S.D. Cal. Sept. 30, 2019) (dismissing where plaintiff did not allege "any circumstances that could support an inference that the calls were placed with … an artificial or prerecorded voice"). While courts do not expect "technical specifications" about the delivery mechanism for messages, they do uniformly require plaintiffs to plead sufficient supporting factual details from which a "prerecorded message," as opposed to a live human speaking, could be inferred. *Johansen v. Vivant, Inc.,* 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012).

As applied here, Plaintiff's FAC only concludes the voicemail she allegedly received—which she admits resulted from a ***call she did not answer***—involved a "prerecorded or artificial voice." FAC ¶ 17. Yet, Plaintiff pleads no factual circumstances or contextual details from which it could even be inferred that this voicemail was "prerecorded or artificial" as opposed to left by a live caller. Under the weight of applicable authority on this front, "[s]uch bare-bones, conclusory allegations are insufficient to survive a motion to dismiss" in a Section 227(b) case. *Manopla*, 2020 WL 1975834, at *2.

### D. **Plaintiff Fails to Plead Facts Supporting Her "Do-Not-Call" Claim.**

As shown below, Plaintiff's attempted claim under Section 227(c) of the TCPA in Count II of the FAC fares no better and fails for at least three additional reasons:

**First**, the TCPA's DNC provision and related implementing regulations, on their face, apply only to "residential telephone subscribers." *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). *See also Cunningham v. Politi,* 2019 WL 2517085, at *4 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted,* 2019 WL 2524737 (June 19, 2019) (dismissing under Rule 12(b)(6), noting: "The private right of action created by … § 227(c)(5) is accordingly limited to redress for violations of the regulations that concern residential telephone subscribers."). As such, federal courts have widely recognized that plaintiffs hoping to bring such a claim must allege sufficient non-conclusory ***facts*** supporting a plausible inference that the subject phone number (*i.e.*, the number on which the alleged calls were received) ***is actually used for "residential" purposes***, or face dismissal under Rule 12(b)(6). *See, e.g., Politi,* 2019 WL 2517085, at *4; *Hicks*, 2020 WL 9261758, at *5; *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1201 (M.D. Tenn. 2017); *Cunningham v. McDonald*, 2018 WL 6737418, at *2 (M.D. Tenn. Nov. 5, 2018), *report and rec. adopted*, 2018 WL 6198417 (Nov. 28, 2018). Merely alleging the subject number is on the National Registry, or concluding without supporting facts that it is used for "residential" purposes, does not suffice standing alone. *See, e.g., Smith v. Vision Solar LLC,* 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020) (dismissing where that plaintiff did not allege the "cell phone line in question is his residential phone, as required" to state a DNC claim); *Hicks*, 2020 WL 9261758, at *5 ("Plaintiff argues at length that cellular phone numbers are eligible for listing on the [DNC] registry … but his argument never returns to the facts of *this* case or the use of his phone." (emphasis in original)); *Morgan v. U.S. Xpress, Inc.,* 2018 WL 3580775, at *2 (W.D. Va. July 25, 2018) (plaintiff's characterizations that her number is a "residential" line "are not factual allegations, but legal terms drawn from the operative statute"). Such is true here.

At best, Plaintiff merely concludes that the subject number "is used for residential

11

purposes ….." FAC ¶ 14. That is not a "fact" but is a legal term drawn from the TCPA and, thus, it need not be accepted as true by this Court under Rule 12(b)(6). *See Morgan*, *supra*. However, Plaintiff provides no facts suggesting that her number is actually used for residential purposes, such as that it "is the primary means of reaching [her] at [her] residence—that is, there is **no other landline or phone at [her] residence which is instead the primary means of reaching [her]**." *Mantha v. QuoteWizard.com, LLC*, 2022 WL 325722, at *6 (D. Mass. Feb. 3, 2022) (emphasis added).[2] Count II fails on this basis alone.

**Second**, a violation DNC violation requires a "telephone solicitation"—which is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person" without their "prior express invitation or permission." 47 C.F.R. §§ 64.1200(c)(2), (f)(15). In this regard, Plaintiff provides no content of the alleged calls from which it can be inferred that they constituted a "telephone solicitation" within the meaning of the TCPA. *See* FAC ¶¶ 13-23. At best, she concludes "the purpose of the calls was to solicit Plaintiff to purchase Defendant's insurance related products and services." *Id*. ¶ 19. That is insufficient to avoid dismissal, as well. *See, e.g., Gulden,* 2017 WL 3841491, at *3 (dismissing where plaintiff "d[id] not describe the calls, but simply aver[red] that the calls were made 'for the purpose of soliciting for [defendant's] products or services[,]" which was "nothing more than a conclusion, which *Twombly* specifically prohibits."); *Eggleston v. Reward Zone USA LLC*, 2022 WL 886094, at *7 (C.D. Cal. Jan. 28, 2022) (ruling similarly, and dismissing claims under Section 227(c) of the TCPA); *Murphy v. DCI Biologicals Orlando, LLC*, 2013 WL 6865772, at *10 (M.D. Fla. Dec. 31, 2013) ("Because neither of the messages in this case encouraged [plaintiff] to purchase, rent, or invest in anything, they do not constitute 'telephone solicitations' under the TCPA.") (dismissing).

**Third**, a DNC violation also requires ***more than one*** "telephone solicitation" in a

---

[2] The *Mantha* court declined to grant summary judgment on this basis, as the evidence there was that the plaintiff "ha[d] no alternative home phone, and so his cellular phone number [wa]s the primary means of reaching him at his residence." *Id*. at *9. Here, Plaintiff's conclusion that her number is "residential" is insufficient at the pleadings stage.

12-month period. *See* 47 U.S.C. § 227(c)(5). Because she does not allege the content of any calls, Plaintiff has not plausibly alleged that she received the requisite number of "telephone solicitations" within 12 months to established a prima facie case for a DNC violation, which further warrants dismissal of Count II. *See, e.g., Nicholas Greene v. Select Funding, LLC*, 2021 WL 4926495, at *5 (C.D. Cal. Feb. 5, 2021) (dismissing on this basis).

**II.     PLAINTIFF LACKS ARTICLE III STANDING TO BRING HER CLAIMS.**

In addition, or in the alternative, to dismissal under Rule 12(b)(6), the Court should dismiss the entire FAC under Rule 12(b)(1) for lack of federal subject matter jurisdiction.

**First**, for the Article III causation element, the "injury in fact" must be "fairly traceable" to the ***defendant's*** conduct. *Lexmark*, 572 U.S. at 125. *See also Lujan*, 504 U.S. at 560-61 (an injury is not fairly traceable to the defendant if it is "th[e] result [of] the ***independent action of some third party not before the court***") (quoting *Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 41-42 (1976)) (emphasis added). As shown above, Plaintiff fails to plead any facts showing, *inter alia*, (i) any conduct directly or indirectly attributable to Freeway; (ii) any basis for concluding the parties who called were Freeway's "agents"; (iii) what control Freeway had over those third parties; or (iv) any basic facts about the content of the calls. *See* discussion at pp. 6-10, *supra*. Moreover, because Plaintiff has pleaded no facts showing any wrongful conduct attributable ***to*** Freeway, her injuries are incapable of being redressed ***by*** Freeway—indeed, imposing statutory or other damages on Freeway or enjoining Freeway cannot possibly prevent or correct violations by unknown third parties. Thus, because Plaintiff fails to allege facts supporting traceability or redressability, she lacks Article III standing. *See*, *e.g., Freidman*, 2013 WL 3026641, at *4 (no standing where plaintiff did not plead direct or vicarious liability); *Hicks*, 2020 WL 9261758, at *5 (same, holding that "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead causation and redressability" under 12(b)(1)); *Barker v. Sunrun Inc.*, 2019 WL 1983291, at *3 (D.N.M. Apr. 29, 2019) (ruling similarly).

**Second**, requests for certain forms of relief may also be dismissed under Rule 12(b)(1) where the plaintiff lacks Article III standing to seek it. *See, e.g., Miller v. Time*

*Warner Cable Inc.*, 2016 WL 7471302, at *2-4 (C.D. Cal. Dec. 27, 2016) (dismissing claim for injunctive relief in TCPA case on this basis). To establish Article III standing to seek injunctive relief in *any* federal case, plaintiffs must plead plausible facts suggesting a possible *future* injury. *See, e.g.*, *Jones v. Nutiva, Inc.*, 2017 WL 3617104, at *4 (N.D. Cal. Aug. 23, 2017); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108–09 (1998) (a "generalized interest in deterrence" is insufficient to demonstrate Article III standing for injunctive relief). Failure to allege this in a TCPA (or any) case warrants dismissal. *See, e.g., Miller,* 2016 WL 7471302, at *2-4; *Schaevitz v. Braman Hyundai, Inc.,* 437 F. Supp. 3d 1237, 1251–52 (S.D. Fla. 2019). Here, Plaintiff only makes a generalized request for injunctive relief, but does not allege any possible future injury[3] and, thus, lacks standing.

## IV. ALTERNATIVELY, THE COURT SHOULD STRIKE PLAINTIFF'S FAULTY CLASS ALLEGATIONS UNDER RULES 12(f) AND/OR 23.

Should Plaintiff's fatally-flawed TCPA claims survive dismissal, the Court should nevertheless strike Plaintiff's faulty class allegations for at least the following reasons:

### A. Plaintiff's Class Allegations are Classically "Fail-Safe."

A proposed class definition is "fail-safe" where "a court must make a determination of the merits of the individual claims to determine whether a person is a member of the class." *Hanni v. Am. Airlines, Inc.*, 2010 WL 289297, at *9 (N.D. Cal. Jan. 15, 2010). *See also Kamar v. Radioshack Corp.*, 375 F.App'x 734, 736 (9th Cir. 2010) (defining fail-safe classes). Rule 12(f) motions to strike fail-safe class definitions are routinely granted in TCPA cases at the pleadings stage. *See, e.g.*, *Pepka*, 2016 WL 8919460, at *3 (striking fail-safe TCPA class definition where it would require the Court to engage in an improper merits determination to determine membership); *Dixon,* 2016 WL 4426908, at *2 (same).

In this case, both of Plaintiff's proposed class definitions are classically "fail-safe" because membership depends on the merits of the underlying TCPA claim and, as such, they should be stricken. As discussed above, to successfully plead a claim under Section 227(b)

---

[3] Nor can she credibly do so, since the last alleged call purportedly occurred in early January 2022 (*see* FAC ¶ 17), and does not claim that she received any additional calls.

14

of the TCPA (Count I of the FAC), Plaintiff must plausibly allege, among other things, that Freeway initiated a call to her using an artificial or prerecorded without her "prior express consent." *Meyer*, 707 F.3d at 1043 (citing 47 U.S.C. § 227(b)(1)); *see also* 47 C.F.R. § 64.1200(a)(1), (2); 47 U.S.C. §§ 227(a)(1) and 227(b)(1)(A)(iii). Such calls that constitute "advertising" or "telemarketing" require "prior express written consent"—terms which have precise definitions under the TCPA. *Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090, 1093-97 (N.D. Cal. 2015); *see also 4*7 C.F.R. §§ 64.1200(a)(2)-(3), §§ 64.1200(f)(1), (8) & (12). Similarly, a violation of Section 227(c) of the TCPA (Count II) requires, among other things, calls made to persons who have not provided their "prior express invitation or permission" to be called and do not have an "established business relationship" with the caller. 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2), 64.1200(f)(5) & 64.1200(f)(14).

Here, Plaintiff's proposed "Prerecorded Call Class" definition (FAC ¶ 24) is defined, in pertinent part, to include persons (1) who received calls "from Defendant, or a third person acting on behalf of Defendant" (*i.e.,* whether Freeway is directly or vicariously liable under the TCPA) and (2) "for whom Defendant claims it obtained ***prior express written consent*** in the same manner as Defendant claims it obtained prior express written consent to call the Plaintiff." (Emphasis added). Plaintiff's proposed "DNC Registry Class" definition (*id.*) is defined, in pertinent part, to include persons (1) whose "number had been listed on the National Do Not Call Registry" (*i.e.,* whether they are a "residential telephone subscriber" within the meaning of the TCPA) and (2) "for whom Defendant claims it obtained ***prior express invitation, permission, or consent*** in the same manner as Defendant claims it supposedly obtained prior express invitation, permission, or consent to call [Plaintiff], or ***for whom it did not obtain prior express written invitation, permission, or consent***." (Emphasis added). Each of these is undoubtedly a merits-based inquiry going directly to the heart of the underlying TCPA claims in this case, and there is no objective way for the Court to determine who is a class member given these "fail-safe" classes as pled. Thus, Plaintiff's proposed classes should be stricken on this basis alone. *See, e.g., Pepka*, 2016 WL 8919460, at *3 (striking § 227(b) class including calls not made "with the recipient's prior express consent"

15

as fail-safe); *Dixon*, 2016 WL 3456680, at *4 (ruling similarly); *Lindsay Transmission, LLC v. Office Depot, Inc.*, 2013 WL 275568, at *4 (E.D. Mo. Jan. 24, 2013) (class definition fail-safe where membership depended, in part, on a legal determination of whether class member provided "prior express permission or invitation" under § 227(c)).

### B. Common Questions of Law and Fact Do Not Predominate.

Plaintiff's proposed class definitions should also be stricken for the additional reason that common questions of law and fact would not predominate. Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members[.]" To meet this requirement, "common questions must be a significant aspect of the case that can be resolved for all members of the class in a single adjudication." *Herskowitz v. Apple, Inc.*, 301 F.R.D. 460, 469 (N.D. Cal. 2014) (quoting *Berger v Home Depot USA, Inc.*, 741 F.3d 1061, 1068 (9th Cir. 2014) (abrogated on other grounds by *Microsoft v. Baker*, 137 S. Ct. 1702 (2017))). Courts in and beyond the Ninth Circuit have widely recognized that proposed class definitions that would require individualized factual and legal inquiries, like Plaintiff's here, are properly stricken at the pleadings stage on this basis. *See, e.g.*, *Pepka*, 2016 WL 8919460, at *4; *Stokes*, 2015 WL 709201, at *4; *Eldridge v. Cabela's Inc.,* 2017 WL 4364205, at *7-11 (W.D. Ky. Sept. 29, 2017); *Cholly v. Uptain Grp., Inc.,* 2017 WL 449176, at *4 (N.D. Ill. Feb. 1, 2017).

As noted above, Plaintiff vaguely alleges in her FAC that she received multiple calls from Freeway <u>or</u> countless possible unidentified "agents." *See* discussion at pp. 6-10, *supra*. Assuming *arguendo* that Plaintiff is correct, how the many different parties possibly involved in this case may have ***obtained*** "consent" may vary widely, as would how the putative class members may have ***provided*** their "consent" to those different third parties or even the same party. The context and circumstances under which consumers might ***revoke*** their consent to the same entity or different entities, or whether their revocation was "clear" and unambiguous enough to be legally effective,[4] can naturally vary by individual and entity,

---

[4] *See Barnett v. Bank of Am., N.A.,* 2021 WL 2187950, at *5 (W.D.N.C. May 28, 2021) (discussing legal standard for revocation of consent under the TCPA).

16

too. Therefore, whether any calls here were made without the "consent" of Plaintiff and the putative class members is not a common question of law or fact that can be resolved by generalized proof across the entire class for both proposed classes in a single adjudication. Rather, it would necessitate individualized factual and legal inquires on this critical issue, among others. Thus, the proposed classes should be stricken on this basis too, as it is readily apparent Plaintiff cannot satisfy the predominance requirement under Rule 23(b)(3) here.[5]

### C. Plaintiff's Remaining Class Allegations are Superfluous.

Since Plaintiff's class definitions are properly stricken for the reasons above, all remaining "class" allegations (*see, e.g.,* FAC ¶¶ 3, 7, 8, 11, 12, 23, 25-31, 33, 36-38, 44, 45, 47-49, 51, 52 and Prayer) are superfluous and, therefore, are properly stricken as well. *See, e.g., Flores v. City of Cal. City,* 2019 WL 1934016, at *6 (E.D. Cal. May 1, 2019).

### D. Plaintiff is Not Entitled to Fees and Costs Under the TCPA.

Finally, buried in her prayer for relief (FAC at p. 12), Plaintiff seeks to recover her "reasonable attorneys' fees and costs." However, the TCPA "is not a fee shifting statute" and "[t]hus, an award of attorney's fees and costs is not available for [alleged] TCPA violations." *Perrigo v. Premium Asset Servs., LLC*, 2015 WL 4597569, at *8 (D. Nev. July 28, 2015). Therefore, Plaintiff's request for attorneys' fees and costs, which are unavailable here as a matter of law, should be stricken. *See, e.g., Volman v. Sony BMG Music Ent.,* 2008 WL 11338008, at *2 (C.D. Cal. July 17, 2008) (granting 12(f) motion to strike fee request).

## CONCLUSION

For all the reasons above, the Court should enter an order (i) dismissing the FAC, in its entirety and with prejudice, under Rule 12(b)(6) and/or Rule 12(b)(1); or (ii) alternatively, striking Plaintiff's improper class allegations and request for fees and costs.

---

[5] Plaintiff also invokes and purportedly seeks certification under Rule 23(b)(2). *See* FAC ¶ 24. However, the U.S. Supreme Court has made clear that "[i]n the context of a class action predominantly for money damages"—like in a TCPA class action such as this one—Rule 23(b)(2) certification is ***impermissible*** because the "absence of notice and opt-out violates due process." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2259 (2011) (citing *Phillips Petrol. Co. v. Shutts*, 472 U.S. 797, 812 (1985)). *See also Balschmiter v. TD Auto Fin. LLC*, 303 F.R.D. 508, 516 (E.D. Wis. 2014) ("[P]ermitting certification under Rule 23(b)(2) in TCPA cases would impermissibly allow 'the monetary tail to wag [] the injunction dog.'") (quoting *In re Allstate Ins. Co.*, 400 F.3d 505, 507 (7th Cir. 2005)).

| | | |
|---|---|---|
| 1 | Dated: August 1, 2022 | Respectfully submitted, |

By: /s/ *Brent Demmitt*

**BERGIN, FRAKES, SMALLEY & OBERHOLTZER, PLLC**
Brian M. Bergin (AZ Bar No. 016375)
Brent Demmitt (AZ Bar No. 033820)
4343 East Camelback Road, Suite 210
Phoenix, Arizona 85018
Telephone: 602.888.7857
Email: bbergin@bfsolaw.com
Email: bdemmitt@bfsolaw.com

*Local Counsel for Manatt, Phelps & Phillips, LLP*

**MANATT, PHELPS & PHILLIPS, LLP**
Christine M. Reilly (*Pro Hac* Application Forthcoming)
A. Paul Heeringa (*Pro Hac* Application Forthcoming)
2049 Century Park East
Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000
Email: creilly@manatt.com
Email: pheeringa@manatt.com

*Attorneys for Defendants*

**LRCiv 12.1 CERTIFICATION OF MEET AND CONFER**

The undersigned certifies that, pursuant to LRCiv 12.1, that counsel for the parties did meet and confer telephonically, on July 26, 2022, to determine whether the issues asserted in this Motion were curable by Plaintiff. Plaintiff did not offer any amendment that would cure the issues. Therefore, the foregoing motion is opposed.

*/s/ Brent Demmitt*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was electronically filed and served on all counsel of record in the above-captioned matter on August 1, 2022 via the Court's CM/ECF filing service.

*/s/ Hailey Wedemeyer*