IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>       v.<br><br>Freeway Insurance Services America, LLC, an Illinois limited liability company,<br><br>            Defendant. | No. CV-22-08042-PCT-DGC<br><br>**ORDER** |

   Plaintiff Brenda Whittaker filed a class action complaint against Defendant Freeway Insurance Services America asserting violations of the Telephone Consumer Protection Act. Doc. 1. Plaintiff subsequently filed a first amended complaint. Doc. 11. Defendant moved to dismiss or strike the first amended complaint. Doc. 12. Plaintiff then filed a second amended complaint without seeking leave of court. Doc. 15. Defendant moved to dismiss or strike the second amended complaint. Doc. 17.

   Under Federal Rule of Civil Procedure 15(a)(1), Plaintiff is entitled to amend her complaint only once as a matter of course. Before filing a second amended complaint, Plaintiff must obtain either Defendant's "written consent or the [C]ourt's leave." Fed. R. Civ. P. 15(a)(2). She did neither.

The Court would therefore be justified in striking Plaintiff's second amended complaint for failure to comply with Rule 15, but the practical realities of this case counsel otherwise. Plaintiff has sought to cure her pleading defects by filing the second amended complaint. Had she sought leave of court, it would have been granted – Rule 15 makes clear that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rather than strike her second amendment complaint, address alleged defects in her first amended complaint, and then grant leave to file the second amended complaint if the first is defective, the Court will instead treat the second amended complaint as the operative pleading in this case and address Defendant's motion to dismiss that complaint (Doc. 17). Defendant's motion to dismiss the first amended complaint will therefore be denied as moot. *See McCormick v. Arizona*, No. CV1904425 PHX DGC MHB, 2019 WL 5960075, at *1 (D. Ariz. Nov. 13, 2019) ("Because [Defendant's] motion seeks to dismiss claims in a complaint that is no longer operative, it will be denied as moot.").

**IT IS ORDERED** that Defendant's motion to dismiss and/or strike Plaintiff's first amended complaint (Doc. 12) is **denied** as moot. Plaintiff's second amended complaint (Doc. 15) is deemed the operative pleading in this case, and the parties should complete briefing of Defendant's recently-filed motion to dismiss that complaint (Doc. 17).

Dated this 9th day of September, 2022.

David G. Campbell
Senior United States District Judge