**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Freeway Insurance Services America, LLC, an Illinois limited liability company,<br><br>Defendant. | No. CV-22-8042-PCT-DGC<br><br>**ORDER** |

Plaintiff Brenda Whittaker brings this class action against Defendant Freeway Insurance Services America, LLC. Defendant moves to dismiss the complaint under Rule 12(b)(6) and to strike the class allegations under Rules 12(f). Doc. 17. The motion is fully briefed (Docs. 17, 19, 20), this is not a close call, and Defendant's request for oral argument therefore is denied. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For reasons set forth below, the Court will deny the motion.

**I.   Background.**

Plaintiff has filed three versions of her complaint. Docs. 1, 11, 15. The operative version is her second amended complaint, filed on August 22, 2022. *See* Doc. 15. The second amended complaint contains the following allegations.

Plaintiff asserts claims under the Telephone Consumer Protection Act (TCPA) on behalf of herself and two classes of similarly situated individuals. *Id.* Defendant is a national car insurance provider. *Id.* ¶ 5.

Plaintiff registered her telephone number with the National Do Not Call Registry (DNC Registry) promulgated by the Federal Trade Commission in December 2017. *Id.* ¶ 16; *see generally* Federal Trade Commission, *National Do Not Call Registry*, https://www.donotcall.gov/ (last visited Jan. 10, 2022). On January 5, 2022, "Plaintiff received an unsolicited telemarketing call from" Defendant. Doc. 15, ¶ 18. That same week, Plaintiff received three more calls from the same telephone number. *Id.* ¶¶ 18-19. Plaintiff did not answer any of the calls. *Id.* ¶¶ 18-20.

After the third call, Defendant left a voicemail "which featured the use of a prerecorded or artificial voice." *Id.* ¶ 20. The voicemail stated: "Hi, this is Freeway Insurance, sorry I missed you. I'm calling you back about your insurance quote request and look forward to saving you on your car insurance. Thank you for calling us back at this number." *Id.* ¶ 20. Plaintiff notes that the message "did not have the cadence of [a] live person" and was "generic." *Id.* ¶ 21. Plaintiff identifies seven nearly identical prerecorded voicemails posted online by anonymous users. *Id.* ¶ 22.

Plaintiff returned the fourth call "to confirm that the caller was Freeway Insurance." *Id.* ¶ 23. In February 2022, Plaintiff also called counsel for Freeway Insurance, Val Stiefel, for further information. *Id.* ¶ 25. Mr. Stiefel "confirmed that Freeway Insurance placed the calls to Plaintiff" regarding "auto insurance." *Id.* ¶ 25.

Plaintiff "at no time" consented to receive the calls. *Id.* ¶ 27. Nor did she have a preexisting relationship with Defendant or "express any interest in Defendant's insurance policies, products, or services." *Id.* ¶¶ 27-28.

Plaintiff asserts claims for placing unsolicited prerecorded marketing calls in violation of § 227(b) of the TCPA (Count 1), and for calling DNC Registry members in violation of § 227(c) (Count 2). *Id.* Defendant moves to dismiss both TCPA claims and, alternatively, to strike the class action allegations. Doc. 17.

**II.  Motion to Dismiss.**

Under Rule 12(b)(6), the well-pled factual allegations of the complaint are taken as true and construed in the light most favorable to Plaintiff. *See Cousins v. Lockyer*, 568

F.3d 1063, 1067 (9th Cir. 2009). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully[,]" it "is not akin to a 'probability requirement[.]'" *Id.*

### A.  Section 227(c).

#### 1.  The Complaint Sufficiently Alleges a Solicitation.

The TCPA prohibits initiating "more than one telephone [solicitation] within any 12-month period" to a consumer whose "telephone number [appears] on the national do-not-call registry." 47 U.S.C. 227(c)(5); 47 C.F.R. 64.1200(C)(2). A telephone solicitation is "a telephone call or message for the purpose of encouraging the purchase of . . . services, which is transmitted to any person." 47 U.S.C. § 227(a)(4). The Federal Communications Commission has noted, and the Ninth Circuit has agreed, that whether a call is a solicitation turns on the "purpose of the message." *See* In Re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, 14098 (2003); *see Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012).

Defendant argues that the calls Plaintiff received were not solicitations, but instead were "merely informational" communications. Doc. 17, 1. Defendant urges the Court to accept as true the caller's statement (as captured in the recorded voicemail) that the call was "about [Plaintiff's] insurance quote request." *Id.* at 5. This statement, Defendant contends, shows that the call was made in response to Plaintiff's inquiry and was not a solicitation.

But Plaintiff alleges that she did not have a preexisting relationship with Defendant and never "express[ed] any interest in Defendant's insurance policies,

products, or services." Doc. 15, ¶¶ 27-28. The Court must accept this allegation as true in ruling on Defendant's motion, and it defeats any argument that the calls were made in response to Plaintiff's inquiry.

The Court must also approach the purpose of the message "with a measure of common sense." *Chesbro*, 705 F.3d at 918. "[I]t is the purpose behind a call that controls, not what happened during the call." *Bennett v. GoDaddy.com LLC*, No. CV-16-03908-PHX-ROS, 2019 WL 1552911, at *8 (D. Ariz. Apr. 8, 2019). Except for encouraging the purchase of its products, it is hard to imagine why an insurance company would contact a consumer not already insured by it and state that it looked forward to saving the consumer money, as did the recorded message in this case. *See Mantha v. Quotewizard.com, LLC*, No. CV 19-12235-LTS, 2021 WL 6061919, at *7 (D. Mass. Dec. 13, 2021), report and recommendation adopted, No. CV 19-12235-LTS, 2022 WL 325722 (D. Mass. Feb. 3, 2022) (likening insurance quotes to purchase prices). The cases Defendant cites concerned *free* goods, services, and opportunities, and are not persuasive. *Horton v. Tarrant Cnty. Hosp. Dist.*, No. 4:22-CV-9-P, 2022 WL 702536, at *3 (N.D. Tex. Feb. 4, 2022), report and recommendation adopted, No. 4:22-CV-0009-P, 2022 WL 620950 (N.D. Tex. Mar. 3, 2022) (text message providing information about the availability of a free vaccine); *Vallianos v. Schultz*, No. C19-0464-JCC, 2019 WL 4980649, at *3 (W.D. Wash. Oct. 8, 2019) (text message sharing a link to a speech that was free to access); *see also Trujillo v. Free Energy Sav. Co.*, LLC, No. 5:19-CV-02072-MCS-SP, 2020 WL 7768722, at *3 (C.D. Cal. Dec. 21, 2020) (phone call about free weatherization services).

**2.     The Complaint Sufficiently Alleges More than One Call.**

Defendant argues that the complaint fails to show more than one telephone solicitation. Defendant contends that the three calls Plaintiff did not answer – and resulted in no voicemail– cannot be considered as telephone solicitations.

The Court does not agree. Multiple calls from the same telephone number over the course of a few days suggests a common purpose in the calls, and the recorded

voicemail clearly suggests the purpose of the calls. *See Chapman v. Nat'l Health Plans & Benefits Agency, LLC*, No. 22-10229, 2022 WL 3130225, at *7 (E.D. Mich. Aug. 4, 2022) (denying a motion to dismiss "[b]ecause the four calls all came from the same phone number"); *Spurlark v. Dimension Serv. Corp.*, No. 2:21-CV-3803, 2022 WL 2528098, at *3 (S.D. Ohio July 7, 2022) (denying a motion to dismiss even though the plaintiff initially ignored calls from the same phone number).

### B. Section 227(b).

The TPCA prohibits calls without prior express consent of the called party "using any automatic telephone dialing system or an artificial or prerecorded voice[.]" 47 U.S.C. § 227(b)(1)(A)(iii). A complaint must show that "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system or prerecorded voice; (3) without the recipient's prior express consent." *Schick v. Compass Lending Corp.*, No. CV-19-01736-PHX-JJT, 2019 WL 6050256, at *2 (D. Ariz. Nov. 15, 2019) (cleaned up); *see Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)). Defendant argues that Plaintiff fails to show the second and third elements.

#### 1. The Complaint Sufficiently Alleges a Prerecorded Voice.

A complaint must allege sufficient facts to allow the Court to reasonably infer the use of a prerecorded voice. *See Winters v. Quicken Loans Inc.*, No. CV-20-00112-PHX-MTL, 2020 WL 5292002, at *4 (D. Ariz. Sept. 4, 2020); *Baker v. Caribbean Cruise Line, Inc.*, No. CV 13-8246-PCT-PGR, 2014 WL 880634, at *3 (D. Ariz. Mar. 6, 2014) (noting that sufficient facts may include the content, length, and timing of calls). Both parties rely on *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551 (N.D. Ill. Dec. 18, 2012), which found that pleading the prerecorded nature of messages is a factual matter, not a legal conclusion. *Id.* at *3. "Still, when a fact is itself an element of the claim, . . . it is not sufficient to recite that fact verbatim without other supporting details." *Id.* (citing *Twombly,* 550 U.S. at 556). Such facts must "raise a reasonable expectation that

discovery will reveal evidence" and may include describing "the generic content of the message[.]" *Id.*

Plaintiff provides the transcript of the voicemail left on her phone, during which the caller does not identify himself, refer to Plaintiff by name, or refer to any specific information about Plaintiff.  Doc. 15 ¶¶ 20-21.  Plaintiff alleges that "[t]he message did not have the cadence of a live person."  *Id.* ¶ 21.  She also alleges that seven identical voicemails were posted online by anonymous users.  Doc. 15 ¶ 22 n.1.  These allegations sufficiently allege use of a prerecorded voice.[1]  *See Schick*, 2019 WL 6050256, at *2.

### 2. Plaintiff Sufficiently Alleges that She Did Not Consent.

Defendant argues that Plaintiff consented to receive the calls described in the complaint, noting that "[p]rior express consent is a complete defense to . . . [a] TPCA claim."  *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017).  Because prior express consent "is not an element of a plaintiff's prima facie case but is an affirmative defense," Defendant bears the burden of proof.  *Id.*

Consent exists where a plaintiff "knowingly releases" her telephone number, and is "'effective' whe[n] the responsive messages relate to the same subject or type of transaction" which initially prompted the plaintiff to share her telephone number.  *Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538, 541 (9th Cir. 2022) (citing *id.* at 1044-45).  Defendant asks the Court to infer that Plaintiff consented to receipt of the four calls at issue, pointing to the voicemail's words: "I'm calling you back about your insurance quote request" (Doc. 15, ¶ 2).

---

[1] Defendant argues that the seven voicemails are unpersuasive and should be stricken, but courts have found similar anonymous voicemails and calls persuasive at the pleading stage.  *See Szumilas v. CBE Grp.*, No. CV1508595ABGJSX, 2016 WL 11742895, at *5 (C.D. Cal. Aug. 17, 2016) (citing *Brown v. Collections Bureau of Am., Ltd*, 183 F. Supp. 3d 1004, 1006 (N.D. Cal. 2016)) ("While 'internet complaints by anonymous third parties likely will not be admissible evidence,' other people's reports about their experience with the same outbound number allow the court to draw . . . reasonable inference[s.]").  Even without the other voicemails, Plaintiff's allegations of a generic message and mechanical voice are sufficient to state a claim.

As noted above, however, Plaintiff specifically alleges that she did not consent to the calls or request an insurance quote, and these allegations must be accepted as true. It is also plausible "that a marketing message might be sent with . . . language [suggesting consent] even in the absence of actual prior express consent." *Meyer v. Bebe Stores, Inc.*, No. 14-CV-00267-YGR, 2015 WL 431148, at *3 (N.D. Cal. Feb. 2, 2015).

The cases Defendant cites – in which courts have found consent "even where the plaintiff expressly alleges a lack of consent" – are not helpful. Doc. 17, 9-10. The plaintiffs in those cases gave their telephone numbers to the respective defendants. *See Barton v. LeadPoint Inc.*, No. C21-5372 BHS-TLF, 2021 WL 6772555, at *4 (W.D. Wash. Nov. 3, 2021), report and recommendation adopted in part, rejected in part, No. C21-5372 BHS, 2022 WL 123352 (W.D. Wash. Jan. 13, 2022), reconsideration denied, No. C21-5372 BHS, 2022 WL 293135 (W.D. Wash. Feb. 1, 2022) ("Plaintiff clicked on the link directing him to homeequityquiz.com, answered the questions on the website, and provided his contact information, including a cell phone number."); *MacKinnon v. Hof's Hut Rests., Inc.*, No. 2:17-CV-01456-JAM-DB, 2017 WL 5754308, at *1 (E.D. Cal. Nov. 28, 2017) ("Plaintiff[] made a dinner reservation at [Defendant's] restaurant and provided his phone number."); *Dolemba v. Kelly Servs., Inc.*, No. 16 C 4971, 2017 WL 429572, at *3 (N.D. Ill. Jan. 31, 2017) (The plaintiff's "complaint fails because she provided her cellular phone number to [the defendant] in her employment application[.]"); *Wick v. Twilio Inc.*, No. C16-00914RSL, 2016 WL 6460316, at *1 (W.D. Wash. Nov. 1, 2016) ("[P]laintiff submitted his name, address and cell phone number into a form on the website."); *Pietzak v. Microsoft Corp.*, No. CV 15-5527-R, 2015 WL 7888408, at *2 (C.D. Cal. Nov. 17, 2015) ("[I]t is undisputed that Plaintiffs 'knowingly release[d]' their cellphone numbers to Microsoft when they participated in the promotional activities.").

This case is different. Plaintiff alleges that she did not consent, and the Court finds no contradictory allegations in her complaint as Defendant contends. This is sufficient to defeat the consent defense at the pleading stage. *See Whittaker v. Real Est.*

*Heaven Int'l Inc.*, No. CV-21-08212-PCT-DJH, 2022 WL 1540168, at *3 (D. Ariz. May 16, 2022) ("Here, it is enough for Plaintiff to allege that she did not 'ever consent to receive text messages from Defendants.'").[2]

### C. Defendant's Liability.

A plaintiff may bring a TCPA claim under theories of direct or vicarious liability. *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014). To establish direct liability, the complaint must allege facts showing the defendant actually placed calls violating the TCPA. *Whittaker*, 2022 WL 1540168, at *4 (complaint sufficient when it alleged the defendant sent the text messages); *Wick v. Twilio Inc.*, No. C16-00914RSL, 2017 WL 2964855, at *4 (W.D. Wash. July 12, 2017) (complaint sufficient when it alleged the defendant sent the text message, used a specific technology and method, and created like content).

Plaintiff alleges that Defendant "operates a national call center that makes a high volume of outbound calls" and "conducted (and continue[s] to conduct) a wide scale telemarketing campaign and repeatedly sends unsolicited, prerecorded telemarketing calls." Doc. 15 ¶¶ 6, 10, 12. Plaintiff alleges that she called the number from which her calls came to confirm that they were initiated by Defendant, and that Defendant's in-house counsel later confirmed Defendant placed the calls. *Id.* ¶¶ 23, 25. These allegations, taken as true and construed in Plaintiff's favor, sufficiently state a theory of direct liability against Defendant.

Plaintiff's complaint also asserts vicarious liability. Defendant argues that this alternative liability theory shows Plaintiff has no viable basis for direct liability. But Plaintiff may plead in the alternative. Fed. R. Civ. P. 8(d)(2); *see Thomas*, 582 F. App'x at 679; *Hoagland v. Axos Bank*, No. 20-CV-00807-BAS-DEB, 2021 WL 4924814, at *3 (S.D. Cal. Oct. 21, 2021) (allowing plaintiff to pursue both direct and vicarious liability

---

[2] Defendant argues that the complaint's quotations from Defendant's online consent form show that Plaintiff reviewed and used the consent form before she received the calls. Doc. 17 at 10. This is too much of a stretch. Lawyers often conduct investigations when drafting complaints.

theories).  The Court will address Plaintiff's alternative theory in more detail if Defendant moves for summary judgment at the close of discovery, but this discussion is sufficient to show that Plaintiff's second amended complaint must survive Defendant's motion to dismiss.  Fed. R. Civ. P. 8(d)(2) ("If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

## IV.  Motion to Strike.

"Motions to strike are a drastic remedy and generally disfavored."  *Holyoak v. United States*, No. CV 08-8168-PHX-MHM, 2009 WL 1456742, at *1 (D. Ariz. May 21, 2009).  Striking class allegations is particularly disfavored before discovery may clarify class allegations.  *Baughman v. Roadrunner Commc'ns*, No. CV–12–565–PHX–SMM, 2013 WL 4230819, at *2 (D. Ariz. Aug. 13, 2013) (citing *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) ("[A] motion for class certification is a more appropriate vehicle.").  To succeed, a motion to strike class allegations must show from the face of the complaint that no class can be certified.  *Baughman*, 2013 WL 4230819, at *2 (citations omitted); *Caplan v. Budget Van Lines, Inc.*, No. 220CV130JCMVCF, 2020 WL 4430966, at *4 (D. Nev. July 31, 2020) (citation omitted) ("While this court can strike class allegations for insufficiency, it does so when Plaintiff's allegations fail from a pleading perspective, not from a class competency perspective.").

Defendant argues that Plaintiff's proposed class definitions are improper fail-safe classes.  Defendant notes that certain terms proposed in the complaint "have precise legal definitions under the TCPA."  Doc. 17 at 16.[3]

---

[3] The complaint defines the "prerecorded call class" as "[a] persons in the United States who from four years prior to the filing of the initial complaint in this action to the date notice is sent to the Class: (1) Defendant, or a third person acting on behalf of Defendant, called; (2) on the person's cellular telephone; (3) for the purpose of selling Defendant's products and services; (4) using an artificial or prerecorded voice; and (5) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call Plaintiff."  Doc. 15 ¶ 30.  The "DNC registry class" is defined as "[a]ll persons in the United States who from four years prior to the filing of the initial complaint in this action to the date notice is sent to the Class: (1) Defendant, or a third person acting on behalf of Defendant, called more than one time on his/her telephone; (2) within any 12-month period; (3) where the telephone number had been listed on the National Do Not Call Registry for at least thirty

The Court cannot determine at this stage whether the proposed classes are impermissible fail-safes.  Plaintiff argues that the class definitions will focus on conduct of the Defendant to identify those who received calls that violated the TCPA.  Whether or not this focus makes the classes fail-safe will depend on the facts Plaintiff elicits and the form of class she proposed to be certified.  "[T]he shape and form" of the classes can evolve through discovery.  *Waterbury v. A1 Solar Power Inc.*, No. 15CV2374-MMA (WVG), 2016 WL 3166910, at *4 (S.D. Cal. June 7, 2016) (citations omitted).  The Court therefore will not address the appropriateness of the class definitions now.  *Declements v. Americana Holdings LLC*, No. CV-20-00166-PHX-DLR, 2020 WL 3499806, at *2 (D. Ariz. June 29, 2020) (declining to address the scope of the proposed class without comprehensive briefing); *Nickerson v. Goodyear Tire & Rubber Corp.*, No. 820CV00060JLSJDE, 2020 WL 4937561, at *11 (C.D. Cal. June 3, 2020) (citations omitted) ("[T]he better course in this case, as in most, is to analyze the elements of the parties' substantive claims and review facts revealed in discovery in order to evaluate whether the requirements of Rule 23 have been satisfied.").

Defendant also argues that individual issues will predominate over common issues, rendering certification inappropriate.  But this is a classic Rule 23 issue that is not ripe at the pleading stage.[4]

**IT IS ORDERED** that Defendant's motion (Doc. 17) is **denied**.  The Court will set a case management conference by separate order.

Dated this 12th day of January, 2023.

David G. Campbell
Senior United States District Judge

---

days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims it obtained prior express invitation, permission, or consent in the same manner as Defendant claims it supposedly."  *Id.*

[4] Defendant further asks the Court to strike the complaint's request for attorneys' fees because the TCPA is not a fee-shifting statute.  But the second amended complaint calls for "attorneys' fees and costs to be paid out of the common fund" (Doc. 15 ¶14), a common practice in class actions.  *See, e.g.*, *Perez v. Rash Curtis & Assocs.*, No. 4:16-CV-03396-YGR, 2020 WL 1904533, at *5 (N.D. Cal. Apr. 17, 2020).