# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Freeway Insurance Services America, LLC,<br><br>　　　　　Defendant. | No. CV-22-8042-PCT-DGC<br><br>**FIRST PHASE CASE MANAGEMENT ORDER** |

　　　　The Court held a case management conference with the parties on February 16, 2023, and instructed them to provide a joint written report on the bifurcated discovery approach proposed by Defendant Freeway. The parties have filed that report (Doc. 28), and the Court reaches the following conclusions.

　　　　The Court will permit bifurcated discovery, but limited as follows.

　　　　During the first phase of discovery, the Court will permit discovery into whether Plaintiff consented to Defendant's calls by making or causing to be made the January 5, 2022 inquiry on Freeway's website through a Google search. The Court will not permit discovery during this phase into the inquiry made through QuoteWizard/Lending Tree, as such discovery likely would overlap significantly with potential class discovery.

　　　　Freeway may engage in the following discovery during the first phase: (1) a third-party document subpoena to Google regarding the Google search that led to the online inquiry on Freeway's website; (2) third-party subpoenas to the VPN or other service providers associated with the IP address used for the Freeway website inquiry; (3) written

discovery to Plaintiff concerning her online activity during the time period in question, as well as the devices and computers to which she had access; (4) one deposition of Plaintiff regarding these issues, if needed; and (5) forensic copying and examination of *one* device Plaintiff used to access the internet, if necessary.

Plaintiff may engage in the following discovery during the first phase: (1) written discovery concerning Freeway's policies and procedures used to ensure the authenticity of leads procured through Freeway's website; (2) internal Freeway communications reflecting knowledge that fraudulent leads were submitted via Freeway's website; (5) all leads that were submitted to Freeway's website from the IP address that submitted Plaintiff's information on January 5, 2022; (4) documents from Freeway reflecting the identities of third parties paid to drive traffic to Freeway's website; and (5) one Rule 30(b)(6) deposition of Freeway about the steps Freeway took to verify Plaintiff's contact information obtained from Freeway's website, and any information suggesting that Plaintiff's lead on the website may have been inauthentic or fraudulent.

Plaintiff mentions the possibility that this issue could "devolve[] into a sliding scale or 'more likely than not" argument" and that discovery relating to class member leads would therefore be "all the more relevant." Doc. 28 at 8.  Summary judgment is not decided on a "more likely than not" standard.  A motion for summary judgment on the issue of consent must meet the same standard as any other motion for summary judgment – the movant must show that "there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

The Court will allow a period of 120 days for the discovery described above.  At the close of this period, the parties shall file the letters identified below and the Court will hold a conference with the parties to decide whether summary judgment briefing should occur or whether the case should move to the final phase of discovery.

1. <u>Deadline for Initial Disclosures</u>.  Initial disclosures on all issues, as required by Federal Rule of Civil Procedure 26(a), shall be exchanged no later than **March 17, 2023**.

2. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

3. <u>First Phase Discovery Limitations</u>. Depositions in the first phase shall be limited to three hours each. Each side may propound up to 10 interrogatories, including subparts, 10 requests for production of documents, including subparts, and 10 requests for admissions, including subparts.

4. <u>First Phase Fact Discovery</u>. The deadline for completing the first phase of fact discovery, including discovery by subpoena, shall be **June 23, 2023.** To ensure compliance with this deadline, the following rules shall apply:

a. Written Discovery: All interrogatories, requests for production of document, and requests for admissions shall be served at least **45 days** before the discovery deadline.

b. The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not extend the discovery deadlines set forth in this Order.

5. <u>Discovery Disputes</u>.

a. If a discovery dispute arises, the parties promptly shall call the Court to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference. The parties shall not file written discovery motions without leave of Court.[1]

b. Parties shall not contact the Court concerning a discovery dispute

---

[1] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

      c.     Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

6. <u>Pre-motion Conference</u>.

The Court will hold a conference with the parties before any motion for summary judgment is filed. The purpose of the conference will be to determine whether a summary judgment motion is warranted at that time or whether the case should proceed to the final phase of discovery. The parties shall exchange three-page letters describing any anticipated motions for summary judgment and responses, identifying the issues and claims on which summary judgment will be sought and the basis for the motions and responses. The parties shall file these letters with the Court on or before **June 30, 2023**, and shall call the Court the same day to schedule a time for a pre-motion conference.

7. <u>Briefing Requirements</u>.

      a.     All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13-point font in text and footnotes.

      b.     Citations in support of any assertion in the text shall be included in the text, not in footnotes.

Dated this 23rd day of February, 2023.

*David G. Campbell*
David G. Campbell
Senior United States District Judge